# IN THE COURT OF APPEALS OF IOWA

No. 20-1584
Filed November 23, 2021

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**GREGORY ALLAN LEE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Brendan Greiner, District Associate Judge.

        Gregory Lee challenges the legality of his sentence. **AFFIRMED**.

        Martha J. Lucey, State Appellate Defender, and Mary K. Conroy, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

        Considered by Mullins, P.J., and May and Ahlers, JJ.

**AHLERS, Judge.**

In 2018, Gregory Lee pleaded guilty to two charges of possession of marijuana in violation of Iowa Code section 124.401(5) (2018). For each charge, he was granted a deferred judgment, placed on probation, and ordered to pay a variety of financial obligations. As required by Iowa Code section 911.3(1), the financial obligations for each charge included a $125 law-enforcement-initiative (LEI) surcharge.[1] Lee paid the LEI surcharge on both charges.

In 2020, the legislature repealed Iowa Code section 911.3, effective July 15, 2020. 2020 Iowa Acts ch. 1074, §§ 22, 93. After the effective date of the repeal, Lee admitted violating the terms of his probation.[2] As a result, the district court revoked his deferred judgments, adjudicated him guilty of the offenses, and sentenced him on both charges. The sentences did not include imposition of any LEI surcharges, but they also did not provide for a credit for or refund of the LEI surcharges Lee previously paid. Lee appeals, claiming "he was entitled to a credit or refund of the $125 he paid [on each charge] towards the surcharge." He claims the failure to grant him a credit or refund constitutes an illegal sentence and, alternatively, the district court exercised improper sentencing discretion by failing

---

[1] In 2018, the pertinent part of Iowa Code section 911.3(1) read:

> In addition to any other surcharge, the court or clerk of the district court shall assess a law enforcement initiative surcharge of one hundred twenty-five dollars if an adjudication of guilt or a deferred judgment has been entered for a criminal violation under any of the following:
>
> a. Chapter 124 . . . .

[2] The State initiated probation revocation proceedings against Lee in 2019, but Lee did not appear to answer to the proceedings until after July 15, 2020.

to grant the credit or refund.[3]  Our review of the sentences imposed is for corrections of errors at law.  *State v. Fetner*, 959 N.W.2d 129, 133 (Iowa 2021).

Lee contends Iowa Code section 4.13(2) requires that he receive a credit or refund for the LEI surcharges he paid because those surcharges could no longer be imposed at the time his deferred judgments were revoked and he was sentenced.  When interpreting statutes, "[w]e do not inquire what the legislature meant; we ask only what the statute means."  *Doe v. State*, 943 N.W.2d 608, 610 (Iowa 2020) (alteration in original) (quoting Oliver Wendell Holmes, *The Theory of Legal Interpretation*, 12 Harv. L. Rev. 417, 419 (1899)).  Statutory interpretation begins with the language of the statute.  *Id.*  Section 4.13(2) states: "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment, revision, or amendment of a statute, the penalty, forfeiture, or punishment if not already imposed shall be imposed according to the statute as amended."  Lee argues the repeal of section 911.3 triggers section 4.13(2) and that section requires a credit or refund for the LEI surcharges already paid.

As a preliminary matter, we doubt whether section 4.13(2) applies here, as it is not clear that the repeal of section 911.3 constitutes "a reenactment, revision,

---

[3] We have jurisdiction to hear this appeal even though Lee pleaded guilty.  This is because Lee established good cause by demonstrating through argument and citations in his brief that this is a challenge to his sentence rather than his guilty pleas.  *See* Iowa Code § 814.6(1)(a)(3) (Supp. 2019) (prohibiting an appeal as a matter of right following a guilty plea for a crime other than a class "A" felony unless "the defendant establishes good cause"); *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) (finding a defendant who is challenging the sentence rather than the guilty plea or conviction has good cause to appeal when the sentence was neither mandatory nor agreed to in a plea bargain); *State v. Thompson*, 951 N.W.2d 1, 2 (Iowa 2020) (extending "*Damme* to appeals from orders revoking deferred judgments").

or amendment" of section 911.3. Indeed, section 4.13(2) has a statutory partner—section 4.13(1)—that addresses the effect of the "reenactment, revision, amendment, or repeal" of a statute. The fact that section 4.13(2) lists "reenactment, revision, or amendment" and section 4.13(1) uses the same words but adds "repeal" to the list suggests that "repeal" means something different than "reenactment, revision, or amendment." *See Bribriesco-Ledger v. Klipsch*, 957 N.W.2d 646, 650 (Iowa 2021) ("A material variation in terms suggests a variation in meaning. . . . If the legislature meant the same thing, we expect it would have said the same thing."). It follows that the omission of "repeal" in section 4.13(2) means that section does not apply to a repealed statute. Furthermore, section 4.13(2) states that when a reenactment, revision, or amendment reduces the penalty, the penalty "shall be imposed according to the statute as amended." In the repeal situation we have here, there is no "statute as amended" by which to impose the reduced penalty,[4] so section 4.13(2) does not have a logical flow to it, suggesting that the attempt to make it fit this situation is misguided. *See Vance v. Iowa Dist. Ct.*, 907 N.W.2d 473, 477–78 (Iowa 2018) ("[W]e may not expand or alter the language of a statute in a way that is not evident from the legislature's word choice within the statute."). Despite these questions whether section 4.13(2) applies, we will assume, without deciding, that it does, as Lee's claims fail even if we apply the section.

The parties agree that LEI surcharges were properly imposed pursuant to section 911.3(1) when Lee received deferred judgments at his initial sentencing

---

[4] We also question whether the elimination of a penalty by repeal of a statute is a "reduction" of the penalty within the meaning of section 4.13(2).

hearing in 2018. The question is whether Lee is entitled to the ameliorative benefits of section 4.13(2) due to the repeal of section 911.3 before his deferred judgments were revoked and his sentences were imposed in 2020. We conclude he is not. Lee's argument that section 4.13(2) requires a credit or refund overlooks the words "if not already imposed" contained in that section. As the LEI surcharges were "already imposed" prior to the repeal of section 911.3, section 4.13(2) does not apply to those surcharges and Lee is not entitled to a credit or refund for his payment of them.

Our conclusion that Lee is not entitled to a credit for or refund of the surcharges by operation of section 4.13(2) is bolstered by section 4.13(1), which, in relevant part, states:

> The . . . repeal of a statute does not affect any of the following:
> . . . .
> b. Any . . . obligation[] or liability previously . . . accrued . . . or incurred under the statute.
> c. Any . . . penalty . . . or punishment incurred in respect to the statute, prior to the . . . repeal.

As Lee accrued or incurred liability for the LEI surcharges before the repeal of section 911.3, section 4.13(1) requires that he remain responsible for those obligations.

For the reasons stated, Lee remained obligated, even after the repeal of section 911.3, for the LEI surcharges that were previously imposed, so he is not entitled to any credit for or refund of his payment of those obligations. As a result, the sentences imposed when his deferred judgments were revoked were not illegal and the district court did not err by failing to grant such a credit or refund.

**AFFIRMED.**